# EXHIBIT 1

To
Memorandum In Support of TriPath Imaging, Inc.'s Motion to Exclude
Defenses Based on Cytyc's CDS-1000

Civil Action No. 03-11142 [DPW] - Lead Case

Filed May 5, 2005

# WILMER CUTLER PICKERING
# HALE AND DORR LLP

FACSIMILE

| | |
|---|---|
| **DATE** | |
| January 31, 2005 | |
| **TO** | **FAX** |
| Charles A. Burke, Esq. | fax: (336) 733-8416 |
| Womble Carlyle Sandridge & Rice PLLC | phone: (336) 721-3625 |
| Christopher G. Daniel, Esq. | fax: (336) 733-8426 |
| Womble Carlyle Sandridge & Rice PLLC | phone: (336) 721-3719 |
| **FROM** | **NUMBER OF PAGES, INCLUDING COVER** |
| Patrick Callahan | |
| +1 617 526 6667 | |

60 STATE STREET
BOSTON, MA 02109
+1 617 526 6000
+1 617 526 5000 fax
wilmerhale.com

**MESSAGE**
Please see attached.

This facsimile transmission is confidential and may be privileged. If you are not the intended recipient, please immediately call the sender or, if the sender is not available, call +1 617 526 5413 and destroy all copies of this transmission. If the transmission is incomplete or illegible, please call the sender or, if the sender is not available, call +1 617 526 5413. Thank you.

JAN 31 PM 10:29

BALTIMORE   BEIJING   BERLIN   BOSTON   BRUSSELS   LONDON
MUNICH   NEW YORK   NORTHERN VIRGINIA   OXFORD   WALTHAM   WASHINGTON

# WILMER CUTLER PICKERING
## HALE AND DORR LLP

Patrick M. Callahan

60 STATE STREET
BOSTON, MA 02109
+1 617 526 6667
+1 617 526 5000 fax
patrick.callahan@wilmerhale.com

January 31, 2005

**By Fax and First Class Mail**

Charles Burke, Esq.
Womble Carlyle Sandridge & Rice PLLC
One West Fourth Street
Winston-Salem, NC 27101

Re: Cytyc Corporation v. TriPath Imaging, Inc.
    Civil Action No. 03-11142 (DPW) (2003)

Dear Charles:

Enclosed are:

1. Plaintiff's Second Supplemental Answers and Objections to Defendant's First Set of Interrogatories (Nos. 5 and 6);

2. Plaintiff's Objections and Responses to Defendant's Second Set of Interrogatories;

3. Plaintiff's Objections and Responses to Defendant's Fourth Set of Interrogatories;

4. Plaintiff's Objections and Responses to Defendant's First Set of Requests for Admission; and

5. Plaintiff's Objections and Responses to Defendant's Second Set of Requests for Admission.

Very truly yours,

Patrick M. Callahan

PMC/jlm

cc: Christopher G. Daniel, Esq.

Confidential – Subject to Protective Order

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYTYC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>TRIPATH IMAGING, INC.,<br><br>Defendant. | Civil Action No. 03-11142-DPW<br>[Consolidated Action – Lead Case] |
| TRIPATH IMAGING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CYTYC CORPORATION,<br><br>Defendant. | Civil Action No. 03-12630-DPW |

## PLAINTIFF'S SECOND SET OF OBJECTIONS AND SUPPLEMENTAL ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 5 and 6)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Massachusetts, Plaintiff Cytyc Corporation ("Cytyc") hereby submits its second set of objections and supplemental answers to Defendant TriPath Imaging, Inc.'s ("TriPath") First Set of Interrogatories (Nos. 5 and 6) as follows.

### GENERAL OBJECTIONS

Cytyc incorporates by reference the General Objections set forth in its Answers to TriPath's First Set of Interrogatories as if set forth fully herein.

Claim 21 requires "a terminal for receipt of analysis from the cell analysis instrument." The review scopes are not "operatively linked" or otherwise connected to the server, or any other networking computer, such that the review scopes can be said to operate as "computer terminals" of a network. While the server is connected to each of the review scopes for transmitting and receiving limited information regarding the specimen slides, the server does not operate as a "LAN server" or any equivalent thereof. The review scopes are not "networked," *e.g.*, they cannot directly communicate with one another through the server. Likewise, the review scopes cannot communicate with a cell analysis instrument through the server. For at least this reason, the TIS cannot infringe claim 21 of the '969 patent, literally or under the doctrine of equivalents.

TriPath has not alleged that the asserted claims are infringed under the doctrine of equivalents. Should TriPath introduce argument(s) that missing claim limitation(s) are present under the doctrine of equivalents, Cytyc expressly reserves the right to object to the late assertion of any such claim and, if appropriate, to address such assertions.

Cytyc reserves the right to amend or supplement this answer to provide its non-infringement contentions regarding the claims of the patents-in-suit based on further investigation and discovery.

### Interrogatory No. 6:

State the basis for Cytyc's contention that the TriPath patents listed in the First Amended Complaint are invalid or unenforceable, including but not limited to a detailed description of any and all prior art upon which any claim of invalidity or unenforceability is based.

### Second Supplemental Answer to Interrogatory No. 6:

Cytyc further supplements its answer to Interrogatory No. 6 as follows: With respect to U.S. Patent No. 5,257,182 ("the '182 patent"), U.S. Patent No. 6,327,377 ("the '377 patent"),

171. Tourassis, et al., "Relationship Between Cell Size and Weight of the Human Liver: An Automated Morphometric Study", <u>Analytical and Quantitative Cytology</u>, 5(1):43-54 (1983)

172. Preston, et al., "Basics of Cellular Logic with Some Applications in Medical Image Processing", <u>Proceedings of the IEEE</u>, 67(5):826-856 (1979)

173. Preston, et al., "Differentiation of Cells in Abnormal Human Liver Tissue by Computer Image Processing: A Preliminary Investigation into Its Potential Application to Diagnostic Microscopy", <u>Analytical and Quantitative Cytology</u>, 2(3):203-220 (1980)

174. Kaufman, et al., "Subclassification of Follicular Lymphomas by Computerized Microscopy", <u>Human Pathology</u>, 18(3):226-231 (1987)

175. Link, et al., "Subclassification of Follicular Lymphomas by Computerized Image Processing", <u>Analytical and Quantitative Cytology and Histology</u>, 11(2):119-130 (1989)

176. Bjelkenkrantz, et al., "Histoscan: Computer Program for Cytophotometry in Tissue Sections and its Application in the Evaluation of Nuclear Atypia", <u>Histochemistry</u>, 73:353-362 (1981)

177. O'Gorman, et al., "A System for Automated Liver Tissue Image Analysis: Methods and Reslusts", <u>IEEE Transactions on Biomedical Engineering</u>, BME-32(9):696-706 (1985)

178. Aggarwal, et al., "A Multi-Spectral Approach for Scene Analysis of Cervical Cytology Smears", <u>Journal of Histochemistry and Cytochemistry</u>, 25(7):668-680, (1977)

179. Ploem, et al., "An Automated Microscope for Quantitative Cytology Combining Television Image Analysis and Stage Scanning Microphotometry", <u>Journal of Histochemistry and Cytochemistry</u>, 27(1):136-143, 1979

180. Stern, et al., "An Expanded Cervical Cell Classification System Validated by Automated Measurements", <u>Analytical and Quantitative Cytology</u>, 25(2):110-114 (1982)

181. Kimzey, et al., "Cell Atypia Profiles for Bronchial Epithelial Cells: Mathematical Evaluation of Sputum Cellular Atypia in Squamous Cell Carcinogenesis of the Lung", <u>Analytical and Quantitative Cytology Journal</u>, 2(3):186-194 (1980)

182. Baky, et al., "Atypia Status Index of Respiratory Cells: A Measurement for the Detection and Monitoring of Neoplastic Changes in Squamous Cell Carcinogenesis", <u>Analytical and Quantitative Cytology</u>, 2(3):175-185 (1980)

183. PH Bartels, J Layton & RL Shoemaker, "Digital Microscopy," in SD Greenberg, ed., <u>Monographs in Clinical Cytology</u>, Vol. 9, pp. 28-61, Karger, Basel, 1984.

184. The '377 patent claims are invalid in view of the CDS-1000, including the development and publication activities. The following documents are relevant to the

development and publication of the CDS-1000 device: C0065268-90, C0074813-15, C0075231-33, C0075236-38, C0075250-56, C0076406-39, C0076629-40, C0076911-12, C0081467-517, C0081554-88, C0082345-50, C0082366-68, C0082369-77, C0082422-26, C0083049-124, C0083299-305, C0083306-9, C0083312-15, C0083320-21, C0083327-29, C0083354-7, C0083370-73, C0083406-8, C0083420-30, C008347576, C0083580-90, C0083680-93, C0083772-84, C0083800-10, C0083861-64, C0083896, C0089612-17, C0093989-4071, C0094321-24, C0103018-63, C0103064-3215, C0139750-67, C0139768-85, C0139786-95, C0139796-809, C0139810-21, C0139822-28, C0139829-40, C0139841-50, C0139851-56, C0139857-91, C0139989-93, C0141289-467.

Certain of the above references are also relevant to the issue of secondary considerations of obviousness of the invention claimed in the '377 patent. Specifically, the CDS-1000 material, the Cerviscan, Cytoscan and Cervifip material (*e.g.*, articles authored by Dr. Husain and Dr. Tucker) and the CYBEST material (*e.g.*, articles authored by Dr. Tanaka) are evidence that others had developed the subject matter of the invention prior to, and contemporaneous with, the inventors of the '377 patent.

### '377 Claim Chart

| Claim Element | Prior Art |
|---|---|
| 1. A semi-automated method of classifying a specimen, comprising the steps of: | The prior art discloses a method of a semi-automated method of classifying a specimen.<br><br>See, e.g., Ref. 1, page 449.<br><br>See, e.g., Ref. 2, page 3301.<br><br>See, e.g., Ref. 3, page 352.<br><br>See, e.g., Ref. 4, page 168.<br><br>See, e.g., Ref. 5, page 198-200. |
| a) obtaining the specimen; and | The prior art discloses the step of obtaining the specimen.<br><br>See, e.g., Ref. 1, pages 449, 450.<br><br>See, e.g., Ref. 2, pages 3301, 3302.<br><br>See, e.g., Ref. 3, pages 352, 353. |

| Claim Element | Prior Art |
|---|---|
| (c) scoring the slide as either normal or abnormal based on the at least one object of interest. | The technique described in the Prior Art scores the slide as either normal or abnormal based on the at least one object of interest.<br><br>*See* Ref 1 e.g., at 231.<br><br>*See also* Ref. 2 e.g., at 118. |

The '327 patent claims are invalid in view of the CDS-1000, including the development and publication activities. The CDS-1000 was presented at industry trade shows in October 1990 and November 1991. The following documents are relevant to the development and publication of the CDS-1000 device: C0065268-90, C0074813-15, C0075231-33, C0075236-38, C0075250-56, C0076406-39, C0076629-40, C0076911-12, C0081467-517, C0081554-88, C0082345-50, C0082366-68, C0082369-77, C0082422-26, C0083049-124, C0083299-305, C0083306-9, C0083312-15, C0083320-21, C0083327-29, C0083354-7, C0083370-73, C0083406-8, C0083420-30, C008347576, C0083580-90, C0083680-93, C0083772-84, C0083800-10, C0083861-64, C0083896, C0089612-17, C0093989-4071, C0094321-24, C0103018-63, C0103064-3215, C0139750-67, C0139768-85, C0139786-95, C0139796-809, C0139810-21, C0139822-28, C0139829-40, C0139841-50, C0139851-56, C0139857-91, C0139989-93, C0141289-467, C0141774, C0141775, C0143370.

Certain of the above references are also relevant to the issue of secondary considerations of obviousness of the invention claimed in the '327 patent. Specifically, the CDS-1000 material, the articles authored by James Tucker et al. and the CYBEST material (*e.g.*, articles authored by Dr. Tanaka) are evidence that others had developed the subject matter of the invention prior to, and contemporaneous with, the inventors of the '327 patent.

| Claim Element | Brugal *et al.*, "IMPACT: Integrating Microscopy for Pathology Activities and Computer Technology," Health in the New Communications Age, M.F. Laires *et al.*, Eds., IOS Press, 304-12 (1995) |
|---|---|
|  | *See also* Ref. 4 e.g., at 109-113<br><br>*See also* Ref. 5 e.g., at 290-292<br><br>*See also* Ref. 6 at 161, 162<br><br>*See also* Ref. 7 e.g., at 113 |
| 21. The network of claim 16, wherein the network further includes at least one cell analysis instrument and wherein at least one interconnected microscope station of the network of interconnected microscope stations further comprises a terminal for receipt of analysis from the cell analysis instrument. | A microscope within the IMPACT system includes at least one cell analysis instrument and wherein at least one interconnected microscope station of the network of interconnected microscope stations further comprises a terminal for receipt of analysis from the cell analysis instrument. (e.g., at 308)<br><br>*See also* Ref. 4 e.g., at 115 |

Cytyc reserves the right to supplement this answer based upon further investigation and discovery

CYTYC CORPORATION,

By its attorneys,

/s/ [signature]

William F. Lee (BBO #291960)
Lisa J. Pirozzolo (BBO #561922)
Patrick M. Callahan (BBO #648173)
Timothy R. Shannon (BBO #655325)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Date: January 31, 2005

-84-

USIDOCS 4905838v3

## CERTIFICATE OF SERVICE

I, Patrick M. Callahan, hereby certify that on this 31st day of January 2005, I caused a true and accurate copy of the foregoing to be served on counsel for TriPath:

Rafael E. Rosado, Esq. (by first class mail)
PALMER & DODGE, LLP
111 Huntington Avenue
Boston, MA 02199

Charles A. Burke, Esq. (by fax and first class mail)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, NC 27101

_____
Patrick M. Callahan

Dated: January 31, 2005