# EXHIBIT 7

To
Memorandum In Support of TriPath Imaging, Inc.'s Motion to Exclude
Defenses Based on Cytyc's CDS-1000

Civil Action No. 03-11142 [DPW] - Lead Case

Filed May 5, 2005



**WOMBLE**
**CARLYLE**
**SANDRIDGE**
**& RICE**
A PROFESSIONAL LIMITED
LIABILITY COMPANY

One West Fourth Street
Winston-Salem, NC 27101

Telephone: (336) 721-3600
Fax: (336) 721-3660
Web site: www.wcsr.com

Charles A. Burke
Direct Dial: (336) 721-3625
Direct Fax: (336) 733-8416
E-mail: CBurke@wcsr.com

March 30, 2005

**_VIA FACSIMILE & U.S. MAIL_**

Lisa J. Pirozzolo, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

      Re:    *Cytyc Corporation v. TriPath Imaging, Inc.*
              **Civil Action No. 03-11142 (DPW)**
              **U.S.D.C. – District of Massachusetts**

Dear Lisa:

      We have now had an opportunity to review Cytyc's expert reports and I am writing to you regarding improper matters contained therein. In particular, in the reports of Dr. Trevor Jackson Darrell and Dr. Kenneth Castleman, Cytyc asserts that it had a product known as the CDS-1000 that invalidates, either by anticipation or obviousness, certain claims of the '327 and '377 patents, respectively.

      Cytyc failed to disclose these theories of invalidity in a timely fashion and they must be withdrawn. TriPath served an introductory at the beginning of fact discovery (on November 10, 2003) requiring Cytyc to provide "a detailed description of any and all prior art upon which any claim of invalidity or unenforceability is based." Cytyc never disclosed in its interrogatory responses any claim that the CDS-1000 workstation rendered any claims of the '327 or '377 patents invalid under any theory until Cytyc served, on the last day of fact discovery (January 31, 2005), Plaintiff's Second Set of Objections and Supplemental Answers to Defendant's First Set of Interrogatories (Nos. 5 and 6). Even that the document was not faxed to us until just before midnight on January 31, well after the close of business on the last day of fact discovery. Thus, TriPath had no notice during the fact discovery period that the CDS-1000 would be relied upon to support an invalidity argument.

      Cytyc noted the impropriety of its own conduct in Patrick Callahan's March 16, 2005 letter to me – "The rules preclude [Cytyc] from asserting – after the close of fact discovery – claims that were not disclosed in its answer to interrogatories." Cytyc cannot wait until midnight of the last day of a fourteen-month discovery period to allege new theories of invalidity.



Cytyc's untimely assertions of invalidity based on the CDS-1000 are therefore subject to exclusion if they are not withdrawn. We also note that Cytyc waited until the last few weeks of the fact discovery period to produce most of its documents relating to CDS-1000 that are now being relied upon in the expert reports. This was done despite the fact that TriPath served document requests at the beginning of the fact discovery period (on November 20, 2003) demanding the production of all documents concerning any prior art or other allegedly invalidating matter. Thus, not only did Cytyc fail to reveal until the close of fact discovery that the CDS-1000 would be relied upon to support an invalidity argument, but Cytyc also denied TriPath the evidence needed to test Cytyc's undisclosed theories throughout the majority of the fact discovery period.

There is plainly no justification for Cytyc's conduct. The CDS-1000 is a project that Cytyc worked on in the early 1990's and Cytyc obviously has been aware of any invalidity arguments raised by the CDS-1000 (and Cytyc has had possession of all documents underlying such an invalidity claim) since it filed suit for a declaratory judgment of patent invalidity on June 16, 2003. Cytyc clearly engaged in a litigation strategy to keep this information from TriPath until a point where TriPath could conduct no discovery on the issue. Cytyc's conduct has substantially prejudiced TriPath in that TriPath was unable to undertake the significant amount of discovery that would be necessary on the legal and factual bases underlying Cytyc's allegations of invalidity by the CDS-1000.

In view of the foregoing, we demand that Cytyc agree to withdraw all claims that the CDS-1000 invalidates, or constitutes prior art, to the '327 or '377 patents. Please let me know promptly, and in any event not later than April 6, if Cytyc will agree to withdraw these claims.

          Sincerely,

          WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

          Charles A. Burke

CAB:kwb

## WILMER CUTLER PICKERING
## HALE AND DORR LLP

April 1, 2005

Patrick M. Callahan

60 STATE STREET
BOSTON, MA 02109
+1 617 526 6667
+1 617 526 5000 fax
patrick.callahan@wilmerhale.com

**By Facsimile and First Class Mail**

Charles A. Burke, Esq.
Womble Carlyle Sandridge & Rice PLLC
One West Fourth Street
Winston-Salem, NC 27101

Re:    Cytyc Corporation v. TriPath Imaging, Inc. No. 03-11142 (DPW) (D. Mass.)

Dear Charles:

Cytyc will not withdraw its claims that the CDS1000 constitutes prior art rendering the '377 and '327 patents invalid.

First, Cytyc disclosed information relating to the CDS1000 before the close of fact discovery. Your suggestion that it is somehow improper to serve supplemental interrogatory responses on the last day of fact discovery overlooks the fact that TriPath served its own supplemental responses on that same day (after the close of business). See TriPath's January 31, 2005 Supplemental Answers to Cytyc's First and Second Set of Interrogatories (Nos. 1, 2, 6 and 7) and TriPath's January 31, 2005 Supplemental Answers to Cytyc's Third Set of Interrogatories (No. 11).

Second, TriPath had ample opportunity to take fact discovery relating to the CDS1000. As you will recall, we wrote to you three weeks before the close of fact discovery to inform you that we had recently located the code for the CDS1000, and that we were producing a CD containing the readable code that day. See Pirozzolo January 10, 2005 Letter. To ensure that TriPath had every opportunity to take the necessary discovery, we suggested that TriPath postpone the depositions of certain Cytyc witnesses "to afford [TriPath] a reasonable opportunity to review the code." Id. TriPath took advantage of this opportunity and conducted numerous depositions after receiving the CDS1000 code. Those deposed included Kam Lin Wong and David Zahniser -- the two witnesses most knowledgeable about Cytyc's work in connection with the CDS1000. Indeed, TriPath asked Ms. Wong numerous questions relating the CDS1000 during her January 27th deposition.

Third, your statement that Cytyc has "clearly engaged in a litigation strategy to keep [the CDS1000] information from TriPath until a point where TriPath could conduct no discovery on the issue" is incorrect. As Lisa's January 10th letter made clear, we produced the CDS1000 information to you as soon as we located it. In this regard, we note that TriPath's request that Cytyc withdraw its assertions regarding the CDS1000 rings hollow in light of TriPath's assertion

Charles A. Burke, Esq.
April 1, 2005
Page 2

of two additional patent claims shortly before the close of fact discovery (and after Cytyc produced the code underlying the CDS1000). See TriPath's January 18, 2005 Supplemental Answers to Cytyc's Second Set of Interrogatories (No. 9).

For all these reasons, Cytyc will not withdraw its invalidity assertions relative to the CDS1000.

Very truly yours,

*[signature]*

Patrick M. Callahan
PMC/jlm

USIDOCS 5042052v1