# EXHIBIT 10

To
Memorandum In Support of TriPath Imaging, Inc.'s Motion to Exclude
Defenses Based on Cytyc's CDS-1000

Civil Action No. 03-11142 [DPW] - Lead Case

Filed May 5, 2005

# WILMER CUTLER PICKERING
## HALE AND DORR LLP

December 10, 2004

**By Facsimile**

Charles A. Burke, Esq.
Womble Carlyle Sandridge & Rice PLLC
One West Fourth Street
Winston-Salem, NC 27101

Amr O. Aly

399 PARK AVENUE
NEW YORK, NY 10022
+1 212 937 7226
+1 212 230 8888 fax
amr.aly@wilmerhale.com

Re:   *Cytyc Corp. v. TriPath Imaging, Inc.*, 03-CV11142 (DPW), D. Mass.

Dear Charles:

We write to request that TriPath supplement its interrogatory answers regarding conception and reduction to practice for the alleged inventions claimed in the patents-in-suit and identify documents that TriPath will rely upon to establish conception and reduction to practice dates.

TriPath's interrogatory answers are deficient. With respect to the '182 patent, TriPath's answer is limited to the statement that the conception and reduction to practice were "believed to have taken place in or about 1989 or 1990." (*See* TriPath's Answer to Interrogatory No. 1). As to the '327 patent, TriPath's answer is equally vague, stating only that the alleged invention was conceived "in or about June or July, 1993" and reduced to practice "in or about February 1994." (*See* TriPath's Answer to Interrogatory No. 6). Finally, for the '377 and '969 patents, TriPath's answers are wholly deficient because they do not provide any information regarding when the alleged conception and reduction to practice took place. (*See* TriPath's Answers to Interrogatory Nos. 2 and 7, respectively).

The deficiencies with respect to the '182 and '377 patents were raised in my April 21, 2004 letter. Your May 7, 2004 letter provided no substantive response, only a promise to supplement the interrogatory answers if additional information becomes available. Now that the end of discovery is rapidly approaching, Cytyc renews its request for supplementation. Cytyc cannot take meaningful discovery on conception and reduction to practice unless TriPath rectifies the deficiencies in its interrogatory answers.

Kindly let us know by December 17, 2004 whether TriPath intends to supplement its interrogatory answers, and if so, by when. We also request that TriPath identify documents supporting any alleged conception and reduction to practice dates for the patents-in-suit.

Very truly yours,

*/s/ Amr O. Aly*

Amr O. Aly

BALTIMORE   BEIJING   BERLIN   BOSTON   BRUSSELS   LONDON
   MUNICH   NEW YORK   NORTHERN VIRGINIA   OXFORD   WALTHAM   WASHINGTON

# WILMER CUTLER PICKERING
## HALE AND DORR LLP

January 4, 2005

**By Facsimile**

Chris G. Daniel, Esq.
Womble Carlyle Sandridge & Rice PLLC
One West Fourth Street
Winston-Salem, NC 27101

Amr O. Aly

399 PARK AVENUE
NEW YORK, NY 10022
+1 212 937 7226
+1 212 230 8888 fax
amr.aly@wilmerhale.com

Re:    Cytyc Corp. v. TriPath Imaging, Inc., 03-CV11142 (DPW), D. Mass.

Dear Chris:

This responds to your December 22, 2005 letter regarding conception and reduction to practice of the patents-in-suit. Cytyc is entitled to interrogatory responses that set forth TriPath's contentions with regard to conception and reduction to practice. TriPath's interrogatory responses on the subject have provided, at best, nothing more than vague time periods (*see* my December 10, 2004 letter). Your latest response of simply pointing to third-party inventor depositions does not remedy the deficiencies. More specifically, we disagree with your assertion that information from third-party depositions "need not be mentioned in any form in TriPath's interrogatory responses" because it is "equally available" to the parties. To the contrary, if TriPath intends to rely upon any such information to support its contentions with regard to conception and reduction to practice, that information as well as the specific positions TriPath is taking must be referenced in TriPath's interrogatory responses.

As to your statement that TriPath has identified "one particular document and others" pursuant to Federal Rule 33(d) in response to Interrogatory No. 6, we ask that you identify those documents by Bates range since we are in disagreement that TriPath has met its discovery obligations.

Very truly yours,

*Amr O Aly Jr*
Amr O. Aly