# EXHIBIT 14

To
Memorandum In Support of TriPath Imaging, Inc.'s Motion to Exclude
Defenses Based on Cytyc's CDS-1000

Civil Action No. 03-11142 [DPW] - Lead Case

Filed May 5, 2005

**Westlaw.**

Not Reported in F.Supp.2d  
1999 WL 619045 (D.Kan.)  
(Cite as: 1999 WL 619045 (D.Kan.))

Page 1

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Kansas.  
Susan LINTZ, et al., Plaintiffs,  
v.  
AMERICAN GENERAL FINANCE, INC., et al.,  
Defendants.  
No. Civ.A. 98-2213-JWL.

Aug. 2, 1999.

Hal D. Meltzer, Turner & Boisseau, Chartered, Overland Park, KS, Gabrielle Rhodes, Brown & Nachman, P.C., Kansas City, MO, for Susan Lintz, Plaintiff.

Michael P. Oliver, Norman I. Reichel, Chris R. Pace, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Connie Diecidue, Plaintiff.

Lisa White Hardwick, Carole K. DeWald, Shook, Hardy & Bacon L.L.P. , Kansas City, MO, for American General Corporation, Defendant.

Lisa White Hardwick, Carole K. DeWald, (See above), for American General Finance Inc., Defendant.

Lisa White Hardwick, Carole K. DeWald, (See above), for Morequity, Defendant.

*MEMORANDUM AND ORDER*

RUSHFELT, Magistrate J.

*1 The court has under consideration a Motion for Sanctions (doc. 44) filed solely by plaintiff Susan Lintz and Plaintiffs' (Second) Motion for Discovery Sanctions (doc. 80). Pursuant to Fed.R.Civ.P. 37(c), Lintz seeks an order to sanction defendants for a failure to timely disclose a document entitled "Personnel Supervision Supplement." Co-plaintiff Connie Diecidue joins in the individual motion of Lintz. (*See* Mem. Supp. Co-Pl.'s Mot. Disc. Sanctions, doc. 68.) By the second motion, plaintiffs seek to sanction defendants for a failure to timely disclose 186 documents produced on October 28, 1998, and other documents produced October 30, 1998. These include notes of an interview of Lintz, an exit interview questionnaire prepared by Floyd Tyler, and a sexual harassment complaint by a subordinate employee of Eric Pearson. Although plaintiffs cite no rule under which they pursue sanctions by the second motion, the briefing indicates that Rule 37(c) applies to it. Defendants oppose both motions.

Plaintiffs allege that while employed by defendants their immediate supervisor, Scot Johansen, sexually harassed them. (Pretrial Order ¶ 4, doc. 150.) The parties have stipulated that "[b]oth defendants were employers of plaintiffs." (*Id.* ¶ 5d.) All parties essentially treat defendants as one entity. The court will likewise make no differentiation between them. It appears that, at all relevant times, Eric Pearson supervised Johansen. Floyd Tyler supervised Pearson. Both Pearson and Tyler actively participated in the investigation and termination of Johansen. Plaintiffs suggest that defendants failed to solicit information and documents from either Pearson, Tyler, or Johansen in making their initial disclosures pursuant to Fed.R.Civ.P. 26(a).

Fed.R.Civ.P. 37(c)(1) governs sanctions for failures to disclose. Before imposing sanctions, the rule requires the court to find a failure to timely disclose information required by Fed.R.Civ.P. 26(a) or 26(e)(1). Upon finding such a failure, the court should then consider whether the recalcitrant party has established substantial justification for the failure and whether it was harmless. *Nguyen v. IBP, Inc.,* 162 F.R.D. 675, 679-80 (D.Kan.1995).

Fed.R.Civ.P. 26(a)(1)(B) provides that a disclosing party shall, without awaiting a formal request for discovery, provide to other parties "a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings." Parties have a duty, furthermore, to supplement their initial disclosures at appropriate intervals during the discovery period. *See* Fed.R.Civ.P. 26(e)(1).

Plaintiffs suggest defendants failed to timely produce numerous documents as part of their initial disclosures. Fed.R.Civ.P. 26(a)(1)(B) permits the disclosing party to choose between producing or

identifying documents within its possession, custody, or control which are "relevant to disputed facts alleged with particularity in the pleadings." There appears to be no dispute that the alleged untimely-disclosed documents were within the possession, custody, or control of defendants and are relevant to this action, within the meaning of Rule 26(a)(1)(B). The parties seem to agree, furthermore, that defendants did not produce or identify the documents as part of their initial disclosures. Agreement on these points, however, does not settle the issue. Defendants contend that they did not know of their existence, until shortly before producing the documents to plaintiffs. If defendants knew or should have known of their existence when they made their initial disclosures, there appears to be no dispute that they had a duty to produce or identify them at that time.

*2 Fed.R.Civ.P. 26(a)(1) only requires disclosure of "information then reasonably available to [the disclosing party]." The rule, furthermore, does not require a party to complete its investigation of the case prior to making their initial disclosures. When a party recognizes that its initial disclosures are incomplete in some material respect, it has a duty to supplement the disclosure. Fed.R.Civ.P. 26(e)(1).

Plaintiffs take issue with the failure of defendants to solicit information from Johansen prior to their initial disclosures. Parties have no general duty, however, to seek documents from former employees before making initial disclosures. Documents possessed by former employees are not necessarily in the possession, custody, or control of the prior employer. Consequently, such documents are not reasonably available to the prior employer as the disclosing party. The court finds no impropriety in the failure to solicit documents from Johansen.

Plaintiffs also take issue with the failure of defendants to disclose a complaint of sexual harassment by Andrea Thorndike, a subordinate of Eric Pearson. Nothing of record, however, indicates that defendants knew of its existence, when they made their initial disclosures. Pearson avers, moreover, that he had forgotten about her complaint, until the day before his deposition. (Aff. of Eric Pearson, attached as Ex. C to Defs.' Mem. Opp'n Pls.' Second Mot. Sanctions, doc. 83, hereinafter Second Opp'n.) A party need only make its initial disclosures based on information reasonably available to it. Fed.R.Civ.P. 26(a)(1). Innocent failure of recollection does not equate to a failure to disclose. From the facts before it, the court does not find that the complaint of Thorndike was reasonably available to defendants, when they made their initial disclosures. It further finds that defendants timely supplemented their disclosures by producing the document the day after they discovered its existence. (See Aff. of Defense Counsel ¶ 14, attached as Ex. B to Second Opp'n.) Accordingly, the court overrules the second motion to the extent it seeks to sanction defendants for the failure to earlier disclose the Thorndike complaint.

From the facts before it the court finds that defendants have otherwise inadequately demonstrated that the untimely-disclosed documents were not reasonably available to them, when they made their initial disclosures. Plaintiffs commenced this action in early May 1998. Defendants were to serve their initial disclosures by July 20, 1998. (Form 35 Report of Parties' Planning Meeting ¶ 2, doc. 10.) Defendants provide insufficient evidence to show that the untimely-disclosed documents were not reasonably available to them at that time. They submit several affidavits against the motions for sanctions. The affidavits, however, have significant gaps and omissions. They do not answer all pertinent questions about the disclosures.

By the first motion, plaintiffs seek to sanction defendants for their failure to timely disclose a document entitled "Personnel Supervision Supplement." Defendants explain that their attorneys first became aware of the document when Johansen produced it at his deposition on September 11, 1998. After that production defendants undertook a month-long search for it in their human resource files. When that search proved unsuccessful, they widened it and ultimately found the document on October 8, 1998, in files in the office of Floyd Tyler. Defense counsel received it the next day. They forwarded it to plaintiffs the next business day, October 13, 1998. (See Aff. Defense Counsel ¶ 8, attached as Ex. D to Defs.' Mem. Opp'n to Pl. Lintz' Mot. Sanctions, doc. 54, hereinafter First Opp'n.)

*3 Plaintiffs take issue with the failure of defendants to solicit information from Tyler prior to making their initial disclosures. The court likewise has concerns about the apparent failure to search his files prior to making initial disclosures. The affidavits provided in response to the first motion provide no answer as to why Tyler or some other agent of defendants did not earlier locate the document and disclose it. Defendants do not indicate that they found it in files unrelated to this case. They found it "in non-human resources related files maintained in the offices of Floyd Tyler, MorEquity Director of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
1999 WL 619045 (D.Kan.)  
(Cite as: 1999 WL 619045 (D.Kan.))

Page 3

Mortgage Operations." (First Opp'n at 5.)

Before making initial disclosures parties must "make a reasonable inquiry into the facts of the case." Fed.R.Civ.P. 26(a)(1) advisory committee notes (1993 amend.) Parties need not conduct "an exhaustive investigation at this stage of the case, but one that is reasonable under the circumstances, focusing on the facts that are alleged with particularity in the pleadings." Id. Under the circumstances of this case a reasonable inquiry would include searching the files of Tyler. He directly supervised the supervisor of the alleged harasser Johansen. He participated in the investigation and termination of Johansen. Tyler was no bit player in the events leading to this litigation. He played a major role. As such, defendants should have searched his files for information to disclose to plaintiffs. Plaintiffs filed this case on May 8, 1998. (See Compl., doc. 1.) On June 1, 1998, defendants made their first filing. (See Mot. for Order Regarding Disclosure of Kansas Human Rights Comm'n Investigative Files, doc. 2 .) Although the court cannot determine precisely when defendants first received notice of this case, they undoubtedly had such notice by June 1, 1998. That gave them seven weeks to investigate prior to making initial disclosures on July 20, 1998. They should have searched the files of Tyler during that time. They apparently did not do so. If they indeed conducted the necessary search, they should have provided the record with adequate facts to show (1) a reasonable search and (2) why such search failed to uncover the information in question.

Defendants provide several affidavits against the first motion. They, nevertheless, provide no affidavit of Tyler or of anyone else to explain his efforts to find relevant documents for their initial disclosures. The brief in opposition, furthermore, provides no enlightenment on the issue. The court notes that, in response to the second motion for sanctions, defendants provide an affidavit of Tyler. Although defendants proffer the affidavit against other bases for sanctions, it provides the best insight into the actions of Tyler. He therein avers that when questioned by defense counsel in August 1998, he informed counsel that he "did not recall any documents in [his] possession." (Aff. Floyd Tyler ¶ 4, attached as Ex. D to Second Opp'n.) He fails to indicate whether he or any other agent of defendant undertook any search for documents in his office contemporaneously or prior to the August inquiry. (See id. ¶¶ 1-5.) That omission appears significant. The court can reasonably infer that such a search would have uncovered the "Personnel Supervision Supplement" and led to its timely disclosure. The failure to disclose it invites consideration of sanctions under Fed.R.Civ.P. 37(c)(1).

*4 A failure to search the files of Tyler would also invite consideration of sanctions. Had someone undertaken the search and found no documents the court could perhaps find defendants made a reasonable investigation. Nothing of record, however, supports a finding that anyone searched his files prior to October 1998. In the absence of such a search, the court does not find defendants made the necessary investigation required by Fed.R.Civ.P. 26(a). A failure to make the necessary investigation may result in sanctions for failure to disclose documents which should have been discovered.

By the second motion, plaintiffs seek to sanction defendants for failing to timely disclose numerous other documents later found in an "investigative file" of defendants. Defendants provide several affidavits against the motion. The affidavits adequately show that outside counsel and Eugenia Estes, a paralegal for defendants, did not know of the existence of the documents, after making reasonable inquiry. (Aff. of Eugenia Estes, attached as Ex. A to Second Opp'n; Aff. of Defense Counsel.) They do not show, however, that in-house counsel had insufficient knowledge to excuse their untimely disclosure. Margaret Thomas served as in-house counsel for defendants from approximately May 13, 1998, through June 18, 1998. (See Aff. of Eugenia Estes ¶¶ 3 & 5.) On or about June 18, 1998, defendants reassigned the case to an unidentified in-house attorney. (See id. ¶ 5.) The affidavits fail to address the knowledge or efforts of either in-house attorney.

Ms. Estes states that, on or about June 18 and September 3, 1998, she asked Ms. Thomas what case-related documents had been sent to outside counsel. (Id. ¶ 6.) Ms. Thomas informed her "that outside counsel had been sent all relevant documents, including personnel files and the investigation documents." (Id.) Ms. Estes does not indicate why she made the inquiry to Ms. Thomas in September 1998, rather than the in-house attorney who had taken control of the case in June 1998. Defendant, furthermore, provides no affidavit from Ms. Thomas or other in-house counsel indicating any efforts they made to locate and disclose relevant documents to plaintiffs. The affidavit of Ms. Estes reveals that, in October 1998, she found the previously undisclosed documents in an "investigative file" apparently maintained by Ms. Thomas and/or the other in-house

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

attorney in charge of the case. (*Id.* ¶ 8.) The affidavit of outside defense counsel is consistent with the affidavit of Ms. Estes. (*See* Aff. of Defense Counsel.)

The court recognizes that defendants no longer employ Ms. Thomas. (*See* Aff. of Estes ¶ 9.) That fact does not excuse them from demonstrating that the documents in their "investigative file" were not reasonably available to them. The record leads to an inference that their in-house counsel was either negligent in searching for relevant documents or intentionally withheld them from initial disclosures. Under either scenario the court finds that the documents were reasonably available to defendants. Accordingly, Fed.R.Civ.P. 26(a)(1)(B) required their identification or production, when defendants made their initial disclosures.

*5 The Federal Rules of Civil Procedure give the court "ample tools to deal with a recalcitrant litigant." *Jones v. Thompson*, 996 F .2d 261, 264 (10th Cir.1993). The selection and imposition of sanctions lies within the sound discretion of the court. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir.1994); *Starforth v. Western Resources, Inc.*, No. Civ.A. 96-2049-EEO, 1996 WL 677084, at *1 (D.Kan. Oct. 29, 1996); D.Kan. Rule 11.1(c). "Considerations of prejudice to the parties weigh into the decision." *Starforth*, 1996 WL 677084, at *1. "In considering the imposition of sanctions, the court must consider on a case-by-case basis whether a party's failure was substantially justified or whether other circumstances make the imposition of sanctions inappropriate." *United States v. A & P Arora, Ltd.*, No. Civ.A. 92-2185-KHV, 1993 WL 461914, at *2 (D.Kan. Oct. 29, 1993), *aff'd*, 46 F.3d 1152 (10th Cir.1995); *see also,* D.Kan. Rule 11.1(c).

Fed.R.Civ.P. 37(c)(1) governs sanctions for failure to make timely disclosure. It provides in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) ... shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

> "If a party fails to disclose information required by Rule 26(a) or 26(e)(1) and lacks substantial justification for doing so, then the party may not use the evidence unless the non-disclosure was harmless. A court may substitute or add other appropriate sanctions." *Brand v. Mazda Motor of Am., Inc.*, No. 95-4139-SAC, 1996 WL 707018, at *1 (D.Kan. Nov. 18, 1996) (citing Fed.R.Civ.P. 37(c)(1)).

> "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the [non-disclosing] party's bad faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999) (citations omitted). "Notwithstanding Rule 37(c), the district court may be found to have abused its discretion if the exclusion of testimony results in fundamental unfairness in the trial of the case." *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir.1994).

*6 Defendants have the burden to show that they were substantially justified in failing to comply with Fed.R.Civ.P. 26(a). *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D.Kan.1995). Substantial justification in this context

> requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance.

*Id.* (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Defendants have not met their burden of showing substantial justification for the failure to comply with Fed.R.Civ.P. 26(a). They have provided no explanation as to why Mr. Tyler did not identify or produce the "Personnel Supervision Supplement." They have likewise provided no explanation as to why in-house counsel did not identify or produce the documents contained in the "investigative file" to outside counsel, so that outside counsel could

properly disclose the documents in accordance with Fed.R.Civ.P. 26(a)(1). That outside counsel and an in-house paralegal did not know of the existence of the documents until shortly before disclosing them provides insufficient justification to excuse the untimely disclosures. Those facts may provide a sufficient basis to shield outside counsel and the paralegal for responsibility for the untimely disclosures, but they establish no substantial justification for the failure of defendants themselves. It appears that Mr. Tyler and in-house counsel intentionally or negligently failed to disclose documents reasonably available to defendants. The court attributes these actions or inaction to defendants through principles of agency. Reasonable minds would not disagree over whether defendants met the requirements of Fed.R.Civ.P. 26(a).

The court next addresses whether the noncompliance with the disclosure requirements of Fed.R.Civ.P. 26(a) is harmless. Such noncompliance is harmless only when there is no prejudice to the opposing party. *In re Indep. Serv. Orgs. Antitrust Litig.,* 168 F.R.D. 651, 653 (D.Kan.1996). The term "harmless" is included in Fed.R.Civ.P. 37 to cover such situations as "the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirement to make disclosures." Fed.R.Civ.P. 37(c) advisory committee's note (1993 amend.). Expanding these situations to include production of documents, harmlessness would also cover such situations as the inadvertent omission from disclosure of documents known to all parties.

The court finds the failure to initially produce the "Personnel Supervision Supplement" harmless. Nothing indicates that the failure was intentional. The document, furthermore, supports the position of defendants that plaintiff did not report the alleged sexual harassment to management during her employment. The court will not presume defendants intentionally withheld the document.

*7 All parties except plaintiff Diecidue, moreover, knew of the document. She alleges no prejudice, however, from the untimely disclosure. Lintz alleges the untimely disclosure prejudiced her in that she had no opportunity to review the document prior to her deposition. The untimely disclosure, however, did not cause that lack of review. Johansen produced the document at his deposition on September 11, 1998. Counsel for Lintz had it identified. (Dep. of Johansen at 22, attached as Ex. C to First Opp'n.) The court reporter delivered copies of it to all parties on September 14, 1998. (Dep. of Lintz at 228-29, attached as Ex. E to First Opp'n.) Defense counsel first questioned Lintz about the document on September 17, 1998. Lintz thus had several days to review the document, after she received it. In addition, she signed the document during her employment with defendants. She knew of its existence and could not have been surprised by its contents. Prior to being confronted with the document at deposition, she testified that she recalled completing a branch evaluation, wherein she revealed nothing "bad" about Scot Johansen. (*Id.* at 220.) The court thus finds no prejudice caused by the failure to earlier disclose the document. Accordingly, it overrules the first motion for sanctions.

With respect to the untimely disclosure of documents found in the "investigative file" of defendants, the court finds the noncompliance with the disclosure requirements of Fed.R.Civ.P. 26(a) is not harmless. No one has shown the situations envisioned by the advisory committee, or one similar thereto, to be present with respect to these documents. In the absence of other information to the contrary, the failure to comply with Fed.R.Civ.P. 26(a) is not harmless. Plaintiffs contend, furthermore, that the failure of defendants to provide timely disclosures has prejudiced them in the following respects:

(1) Deposing Scot Johansen without access to documents which suggest additional questions, including but not limited to documented and acknowledged use of profanity against Lintz, his representation that he and she were "very good friends", his knowledge that she complained about his harassment of her even before she was interviewed by human resources, and her alleged request to have her former job after plaintiff Diecidue resigned.
(2) Deposing plaintiffs without access to several statements of Lintz to the managerial and investigative personnel of defendants made upon her termination of employment and during the investigation of plaintiff Diecidue's complaints of sexual harassment.
(3) Granting defendants the opportunity to exploit at trial minor differences between deposition testimony of Lintz and her prior statements.

With no showing of substantial justification or harmlessness with respect to the documents found in the "investigative file", the untimely disclosure of those documents warrants sanctions, pursuant to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Fed.R.Civ.P. 37(c). "The failure to comply with the disclosure requirements of the Rule frustrates the purpose of the Rules--the elimination of unfair surprise and the conservation of resources." *Reed v. Binder,* 165 F.R.D. 424, 431 (D.N.J.1996).

*\*8* As sanction for failing to timely disclose information required by Fed.R.Civ.P. 26(a), plaintiffs seek to prohibit defendants from using for purposes of any motion or at trial certain untimely disclosed documents. They also ask the court to instruct the jury that defendants failed to timely disclose the documents and that the jury may take that fact into account when evaluating their probative value. They further seek to prohibit defendants from exploiting inconsistencies between the August 21, 1997, statement and her deposition testimony. Fed.R.Civ.P. 37(c)(1) authorizes a variety of sanctions for failure to timely disclose information and supplement disclosures, including those sought here.

"Exclusion of evidence is a severe sanction because it implicates due process concerns." *In re Indep. Serv. Orgs. Antitrust Litig.,* 168 F.R.D. 651, 653 (D.Kan.1996). Such sanction is generally "inappropriate unless the failure to disclose or supplement is in bad faith or the resultant prejudice to the opposing party cannot be cured." *Fitz, Inc. v. Ralph Wilson Plastics Co.,* 184 F.R.D. 532, 536 (D.N.J.1999). Exclusion of evidence is often inappropriate, furthermore, unless the untimely disclosure occurs when trial is "imminent or in progress." *See id.; In re TMI Litig. Cases Consol. II,* 922 F.Supp. 997, 1003-04 (M.D.Pa.1996). Courts generally impose lesser sanctions when such sanctions can remedy the prejudice resulting from the non-disclosure. *In re Indep. Serv. Orgs. Antitrust Litig.,* 168 F.R.D. at 653-54. Often an order compelling disclosure and/or awarding costs and expenses incurred upon the motion and attempts to obtain the disclosure will suffice. *See id.* at 654 (ordering disclosure and holding in abeyance a request for attorney's fees and costs associated with the motion for sanctions); *Lemons v. Lewis,* No. Civ.A. 95-2507-EEO, 1996 WL 687034, at \*5 (D.Kan. Nov. 25, 1996) (finding an appropriate sanction to be an award of attorney fees and expenses incurred due to attempts to obtain initial disclosures); *Midwest Grain Prods., Inc. v. Envirofuels Mktg., Inc.,* No. Civ.A. 95-2355-EEO, 1996 WL 445070, at \*11-12 (D.Kan. July 12, 1996) (finding an appropriate sanction as an award of costs and attorneys fees associated with the motion and ordering disclosure of withheld information).

The failure to timely disclose documents has prejudiced plaintiffs. They, nevertheless, have had the untimely-disclosed documents since October 1998. Sanctions short of exclusion of evidence appear adequate. The court does not condone the tardiness of defendants. It finds no indication, however, that they acted in bad faith or willfully withheld documents. It declines to infer bad faith or wilfulness upon the facts of this case. The disclosure, while untimely, nevertheless occurred nearly a year prior to the scheduled date for trial. The court foresees little, if any, disruption of the trial by the introduction of the evidence. Exclusion of the evidence, moreover, may result in fundamental unfairness in the trial. Exclusion of evidence at trial is thus not an appropriate sanction.

*\*9* Re-deposing Johansen at the expense of defendants appears sufficient to cure the first alleged point of prejudice. The court also finds an award of reasonable attorneys' fees and expenses incurred in obtaining this order appropriate. These sanctions appear sufficient to deter future wrongdoing. Plaintiffs may cure the second alleged point of prejudice at trial. The court does not find the third point of prejudice so significant, furthermore, as to warrant additional sanctions. Plaintiffs concede that there is little discrepancy between earlier statements of Lintz and her deposition testimony. (*See* Pls.' Second Mot. Sanctions at 10 n. 3, doc. 80.)

The court finds a reasonable attorneys' fee for time spent preparing and filing plaintiffs second motion for sanctions and obtaining this order is $500.00. An attorneys' fee in that amount is awarded to plaintiffs and assessed against defendants. The attorneys' fee herein provided for shall be paid in equal proportions to plaintiffs and a receipt or certificate of payment filed with this court within fifteen (15) days of the date of this order. The purpose of sanctions is not merely to reimburse the wronged party or penalize the offending party, but to deter others from engaging in similar conduct. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643 (1976).

For the foregoing reasons, the court overrules the Motion for Sanctions (doc. 44) and sustains in part and overrules in part Plaintiffs' (Second) Motion for Discovery Sanctions (doc. 80). Within twenty days of the date of this order, plaintiffs may re-depose Scot Johansen at the expense of defendants. Such deposition shall in no way delay trial. The court also awards plaintiffs $500, as set forth herein. It

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
1999 WL 619045 (D.Kan.)
**(Cite as: 1999 WL 619045 (D.Kan.))**

Page 7

otherwise overrules the second motion.

IT IS SO ORDERED.

1999 WL 619045 (D.Kan.)

**Motions, Pleadings and Filings (Back to top)**

• 2:98CV02213 (Docket) (May. 08, 1998)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.