UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYTYC CORPORATION,           )<br>                              )<br>        Plaintiff,            )<br>                              )<br>v.                            )<br>                              )<br>TRIPATH IMAGING, INC.,        )<br>                              )<br>        Defendant.            )<br>_____) | Civil Action No. 03-11142 (DPW)<br>[Lead Case] |
| TRIPATH IMAGING, INC.,        )<br>                              )<br>        Plaintiff,            )<br>                              )<br>v.                            )<br>                              )<br>CYTYC CORPORATION,            )<br>                              )<br>        Defendant.            )<br>_____) | Civil Action No. 03-12630 (DPW) |

### DECLARATION OF CHARLES A. BURKE IN SUPPORT OF TRIPATH'S MOTION TO EXCLUDE DEFENSES BASED ON CYTYC'S CDS-1000

I, Charles A. Burke, declare as follows:

1. I am an attorney of record for TriPath Imaging, Inc. in the above-referenced civil action. I make this declaration in support of TriPath's Motion to Exclude Defenses Based On Cytyc's CDS-1000. I have personal knowledge of the facts set forth below and, if called as a witness, I could competently testify thereto.

2.  I am the TriPath attorney who has been primarily responsible for the planning and coordination of discovery efforts in this litigation among various attorneys working on the case.

3.  TriPath served its first set of interrogatories on Cytyc on November 13, 2003. Cytyc served its original responses to these interrogatories on or about December 10, 2003, and its first supplemental response to these interrogatories on or about August 17, 2004. Cytyc did not identify the CDS-1000 in either or these two sets of interrogatory responses.

4.  A true and correct copy of a portion of Cytyc's second supplemental responses to TriPath's interrogatories is attached as Exhibit 1 to TriPath's Memorandum in Support of TriPath Imaging, Inc.'s Motion to Exclude Defenses Based On Cytyc's CDS-1000 ("TriPath Memorandum"). These interrogatories were first served on me via facsimile at approximately 10:51 p.m. on January 31, 2005. Prior to the receipt of these interrogatory responses, I was unaware of and did not anticipate, and to the best of my knowledge all of the other attorneys working for TriPath were unaware of and did not anticipate, a defense being asserted by Cytyc that the CDS-1000 constituted prior art to any of the four patents at issue in this litigation. If TriPath had been aware of this defense during the fact discovery period, then TriPath would almost certainly have pursued additional interrogatories, documents requests, and/or depositions of Cytyc employees to explore various details of the CDS-1000. These interrogatories, document requests, and depositions would very likely have been focused upon issues such as the extent to which the design of the CDS-1000 could have anticipated any claims of the '377 and '327 patents (the two patents as to which I understand Cytyc has now cited the CDS-1000 as prior art), and the details behind Cytyc's claim that the CDS-1000 was publicly displayed during a time period that would render it relevant prior art to the '377 and '327 patents. If TriPath had been aware during the fact discovery period that the CDS-1000 was relied upon by Cytyc as prior art,

it is also likely that TriPath would have pursued subpoenas for underlying documents and testimony from third party witnesses in an effort to locate details on the design of the device, and in order to locate details concerning trade shows at which I now understand that the CDS-1000 is alleged to have been displayed.

5. Cytyc served its expert reports on the subject of patent validity/enforceability on March 7, 2005. At least two of these reports contained statements of reliance upon the CDS-1000. A true and correct copy of portions of the reports of these two Cytyc expert witnesses (Dr. Trevor Jackson Darrell and Dr. Kenneth Castleman) are attached to the TriPath Memorandum as Exhibits 2 and 3.

6. In March 2005, our office exchanged correspondence with Patrick Callahan, counsel for Cytyc, regarding TriPath's assertion of an infringement claim under Claim 19 of the '377 Patent. A true and correct copy of this correspondence is attached as Exhibit 6 to the TriPath Memorandum.

7. In March and April, 2005, I exchanged correspondence with Lisa Pirozzolo and Patrick Callahan, counsel for Cytyc, regarding Cytyc's reliance upon the CDS-1000 as grounds for invalidating certain claims of the '327 and '377 Patents. A true and correct copy of this correspondence is attached as Exhibit 7 to the TriPath Memorandum.

8. Attached to TriPath's Memorandum as Exhibit 11 are true and correct copies of letters from counsel for Cytyc that reflect the dates and bates numbers of certain documents produced in this case, including documents produced that concern the CDS-1000.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 4th day of May, 2005 at Winston-Salem, North Carolina.

_____
CHARLES A. BURKE